STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

DAVID J. WARD (CABN 239504)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    david.ward@usdoj.gov

Attorneys for United States of America

**FILED**

May 12 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DARIUS CHUNG,<br><br>    Defendant. | CASE NO. 21-CR-186 JST-2<br><br>**UNITED STATES' MOTION TO ORDER DEFENDANT DETAINED** |

PLEASE TAKE NOTICE that on May 12, 2021, at 1:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Kandis A. Westmore, Magistrate Judge of the District Court for the Northern District of California, the United States will and hereby does move the Court for an order to remand Darius Chung, the defendant in the above-captioned matter, to the custody of the United States Marshal's Service pending trial on the crimes with which he is charged. This motion is brought under 18 U.S.C. § 3142(e) on the grounds that, on the present record, evidence establishes that no condition or combination of conditions can assure the safety of any other person and the community.

**I.    INTRODUCTION**

On May 6, 2021, defendant Darius CHUNG was arrested, charged in an indictment with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, and seven counts of Wire Fraud, in

UNITED STATES' DETENTION MOTION      1
No. 21-CR-186 JST

violation of 18 U.S.C. §1343. During a search of CHUNG's residence, a sophisticated commercial marijuana grow operation with over 100 plants was found in his garage. Inside the residence were multiple weapons, soft armor-piercing bullets, a concealed weapons compartment, a bulletproof vest, and indicia of marijuana distribution. CHUNG was residing at the residence with his wife and two children. CHUNG is a felon, convicted in 2012 for Possession of Marijuana for Sale in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C) and Possession of a Firearm During a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c). For the reasons stated herein, the United States moves that defendant be detained pending trial in this matter because no condition or combination of conditions of release will assure his appearance or the safety of another person and the community.

## II. BACKGROUND

### A. The Charged Offense and Subsequent Arrest and Search

On May 4, 2021, CHUNG and two co-defendants, Amara Merritt and Charles Hollins, were charged with one count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, and seven counts of Wire Fraud, in violation of 18 U.S.C. § 1343, for their participation in a scheme to defraud the U.S. Small Business Administration's COVID economic relief fund, the Economic Injury and Disaster Loan (EIDL) program. An arrest warrant was issued for CHUNG.

On May 6, agents arrived at CHUNG's residence to execute the warrant. When CHUNG did not answer the door, agents breached the door and entered the residence to arrest CHUNG. *See Declaration of FBI Special Agent Jennifer Barnard in Support of United States Motion to Order Defendant Detained ("Barnard Decl.")*. When conducting a protective sweep of the house, agents opened an interior door into a garage, and observed dozens of marijuana plants. *Id.* at ¶ 4.

CHUNG was found in a bedroom, and as he was being arrested, agents observed in an open closet area with male clothing, a box of Federal 5.7 x 28 mm ammunition, a high-powered cartridge designed to pierce soft armor. *Id.* at ¶ 5. CHUNG's wife had handguns registered in her name, and pointed agents to a locked drawer. Agents later found in the drawer a Springfield handgun in the locked drawer. *Id.* at ¶ 6.

CHUNG was arrested, but his wife and two children, ages approximately 11 and 15, were allowed to return to the residence. Agents then sought a federal search warrant. During the time the

warrant was being prepared, agents observed a woman leave the residence with two black plastic bags that appeared to be full.  She drove off and was not detained.  *Id.* at ¶ 7.

At approximately 12:30 p.m., the Honorable Thomas Hixson signed a search warrant for CHUNG's residence.  Agents conducted a search, and under the bed, on the side that appeared to be CHUNG's, agents found a Ruger pistol with an obliterated serial number, along with a magazine loaded with 5.7 x 28 mm bullets.  *Id.* at ¶ 9.



Barnard Decl. **Ex. A.** *(Photo of handgun found at CHUNG's residence)*

In the living room, over the fireplace, agents discovered a tactical trap, a secret gun compartment designed to look like a bookshelf. The bottom of the bookshelf opened on a hinge, revealing foam mounting with cutouts to hold two pistols. *Id.* at ¶ 10.



Barnard Decl. **Ex. B.** *(Photo of concealed weapons shelf at CHUNG's residence)*

When agents searched the garage, they found more than 100 growing marijuana plants and horticulture equipment.  *Barnard Decl.* ¶ 11.  Grow lights, a watering system, and timers were set up

UNITED STATES' DETENTION MOTION      3
No. 21-CR-186 JST

1  throughout the garage, and in the garage was a whiteboard with writing that appeared to be a schedule
2  for harvesting the marijuana plants. *Id*. Agents also observed that approximately 20 plant stems that
3  appeared to have been recently cut at the root and removed from the premises. *Id*.



Barnard Decl. **Ex. C** *(Photo of marijuana grow found in CHUNG's garage).*

14  In May 2012, CHUNG pled guilty and was convicted of Conspiracy to Distribute Marijuana and
15  Possession of Firearms and Ammunition, in violation of 21 U.S.C. 841(a)(1), and Possession of a
16  Firearm in Relation to a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(I), and
17  sentenced to 66 months imprisonment. *See United States v. Darius Chung*, 12-CR-0047 PJH and 12-
18  CR-00289 PJH.  According to the United States' Sentencing Memorandum filed in that case, the
19  circumstances were stunningly similar to this instance. *Id. at Dkt. 25 (United States Sentencing*
20  *Memorandum)*.  In that case, agents executed a search warrant of Chung's residence, where they
21  discovered that "Chung was using the residence to grow, cultivate, and process marijuana for
22  distribution, and protected his grow site by strategically placing loaded firearms around the residence,
23  including two left in plain sight." *Id*. at 3:12-14.  Two young children, then age 2 and 6, were at the
24  residence. *Id*.

25  **B.  Legal Standard**

26  When seeking pretrial detention, the government bears the burden to establish that "no condition
27  or combination of conditions will reasonably assure the appearance of [the] person as required and the
28  safety of any other person and the community" if the defendant is released.  18 U.S.C. § 3142(e), (f).

The Court must consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

The rules concerning admissibility of evidence in criminal trials do not apply to a detention hearing.  18 U.S.C. § 3142(f).

### B. The nature and circumstances of the search demonstrate that defendant is a danger to the community.

Despite serving a 66-month prison sentence for Conspiracy to Distribute Marijuana and Possession of a Firearm and Ammunition During a drug trafficking offense, CHUNG has apparently returned to his prior criminal business.  He had a commercial marijuana grow in the garage of the house he shared with his wife and two young children. He kept loaded, unsecured firearms, ammunition, and two bullet-proof vests inside the residence.  The presence of these weapons and the bullet proof vests indicate that the defendant feared violence from others.  The defendant's cavalier disregard for this risk to others from his drug distribution business – especially his children and his wife - makes him a danger to the community, and establishes ample basis for this court to order him detained.

### C. The weight of the evidence is considerable.

The government's evidence against defendant is compelling.  The marijuana was found in the garage of the defendant's house.  The Ruger pistol was found under the mattress of his bed, in the bedroom where he was found and arrested, and where the evidence indicates he sleeps.  The box of soft-armor piercing ammunition was found in the side of the closet where male clothes were – his side of the closet.  Th defendant is a convicted felon who served 66 months in prison, and is thus barred from possessing firearms or ammunition.

### D. Defendant's criminal history supports detention.

As note above, in 2012, the defendant was convicted of conspiracy to distribute marijuana and possession of a firearm in furtherance of a drug trafficking offense.  These are not the defendant's only

UNITED STATES' DETENTION MOTION             5
No. 21-CR-186 JST

firearms and drug-related convictions. According to criminal history records, CHUNG was convicted in 2009 of Possession of Marijuana for Sale in violation of Cal. Health and Safety Code § 11359, and Possess Controlled Substances for Sale in violation of Cal. Health and Safety Code § 11378, both felonies. *Pretrial Services Report* (May 11, 2021). He was also convicted in 2008 of Obstructing/Etc. Public Officer and Carrying a Concealed Weapon (misdemeanors). *Id.*

### E. The nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release

Given the defendant's criminal history, the fact that he established a commercial marijuana grow in his garage and appears to be protecting it with handguns, soft-armor piercing ammunition and two bullet proof vests, the record amply demonstrates that defendant poses a danger to the community and that no condition or combination of conditions can reasonably assure the safety of any other person and the community should he be released.

## III. CONCLUSION

For the reasons stated above, the Court should order defendant Darius Chung detained pending trial in this matter.

DATED: May 12, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

 /s/ David J. Ward
DAVID J. WARD
Assistant United States Attorney

STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

DAVID J. WARD (CABN 239504)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6934
    FAX: (415) 436-7234
    david.ward@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 21-CR-186 JST-2 |
|---|---|
| Plaintiff, | ) |
| | ) **DECLARATION OF FBI SPECIAL AGENT** |
| | ) **JENNIFER BARNARD IN SUPPORT OF** |
| v. | ) **UNITED STATES' MOTION TO ORDER** |
| | ) **DEFENDANT DETAINED** |
| DARIUS CHUNG, | ) |
| | ) |
| Defendant. | ) |

I, Jennifer Barnard, declare and state as follows:

1.     I am a Special Agent with the Federal Bureau of Investigation, assigned to the San Francisco Field Office. I am an agent participating in the investigation of the above captioned case. I submit this declaration in support of the United States' Motion to Order Defendant Detained. Unless otherwise stated, I have personal knowledge of the facts stated in this Declaration, and if called upon as a witness thereto, could testify competently under oath.

1.     On May 6, 2021, I participated in a law enforcement operation to arrest defendants Darius CHUNG and Charles HOLLINS on arrest warrants based on indictments in the above captioned case charging CHUNG and HOLLINS with Conspiracy to Commit Wire Fraud and Wire Fraud.

2. I was not present at CHUNG's residence when he was arrested but arrived in the vicinity the residence shortly thereafter.

3. I learned FBI agents knocked on the front door of CHUNG's residence and in loud voices identified themselves as FBI agents, announced their intention to serve an arrest warrant and demanded entry. When no one answered the door, the agents breached entry to the residence. CHUNG was located and arrested.

4. I also learned to ensure the safety of the agents a protective sweep of the house was conducted. During the protective sweep, agents discovered dozens of marijuana plants growing in the garage. This was later determined to be approximately more than 100 plants.

5. I also learned when CHUNG was being arrested, agents observed, in an open closet in an area containing what appeared to be male clothing, a box of 5.7 x 28 mm ammunition, a rifle cartridge designed to pierce soft armor.

6. CHUNG's wife had handguns registered in her name, a Smith and Wesson and a Glock. I learned when CHUNG was being arrested, she identified a locked drawer in a closet in which she said a handgun was located.  Later, during a search of the residence, agents found a Springfield handgun in a closet drawer.

7. I learned while waiting for a federal search warrant to search CHUNG's residence, agents observed a woman leaving the residence with two bags.  She drove off and was not detained.

8. I was informed U.S. Magistrate Judge Thomas S. Hixson had signed a search warrant authorizing a search of CHUNG's residence.

9. During a search of what appeared to be CHUNG's bedroom, agents discovered a Ruger handgun with an obliterated serial number under the bed. Incorporated into the Government's Motion to Order Defendant Detained as **Exhibit A** is a true and correct copy of a photograph of the Ruger firearm discovered under the bed.

10. During a search of CHUNG's living room, agents discovered a shelf with a trapdoor that when opened displayed cutouts for storing guns. Incorporated into the Government's Motion to Order

Defendant Detained as **Exhibit B** is a true and correct copy of a photograph of the shelf found in the living room of CHUNG's residence.

11. During a search of CHUNG's garage, agents discovered rows of marijuana plants and horticulture equipment that I know from my training and experience are used to commercially grow marijuana. Incorporated into the Government's Motion to Order Defendant Detained as **Exhibit C** is a true and correct copy of a photograph of some of the marijuana plants growing in CHUNG's garage.

12. Agents searching the residence also found additional magazines, ammunition, body armor and $4,600 in cash.

13. I have reviewed CHUNG's criminal history, and according to those records, CHUNG was convicted in 2012 of Possession of a Firearm in Relation to a Drug Trafficking Crime in violation of 18 USC 924(C)(1)(A)(I), and Conspiracy to Distribute Marijuana and Possession of Firearms and Ammunition, in violation of 21 U.S.C. 841(a)(1), both felonies. CHUNG was sentenced to 66 months incarceration and 3 years of supervised release. CHUNG was not to possess a firearm or ammunition.

14. I declare under penalty of perjury under the laws of the United States the foregoing is true and correct.

Executed this Twelfth Day of May 2021, in San Francisco, California.

          /s/ *Jennifer Barnard*
          JENNIFER BARNARD
          Special Agent, Federal Bureau of Investigation