STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

DAVID J. WARD (CABN 239504)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7230
    david.ward@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DARIUS CHUNG, <br><br> Defendant. | CASE NO. 21-CR-186 JST <br><br> **UNITED STATES' SENTENCING MEMORANDUM** |

Defendant Darius Chung is scheduled to be sentenced by this Court on June 24, 2022, after pleading guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, and one count being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Chung admitted to fraudulently obtaining a $37,400 loan from the Small Business Administration's Economic Injury and Disaster Loan (EIDL) program, and to possessing a Ruger handgun despite being a convicted felon and knowing he was barred from possessing any firearms. For the reasons outlined below, the government recommends that the Court sentence defendant Chung to 16 months imprisonment, three years of supervised release, order restitution in the amount of $37,400, and forfeiture as specified in the Plea Agreement.

## I. BACKGROUND

### A. Offense Conduct

On July 3, 2020, during the initial wave of Covid-19 infections, lockdowns, and economic dislocation, the U.S. Congress passed the Coronavirus Aid, Relief, and Economic Security (CARES) Act. *PSR* ¶ 7. The CARES Act was designed to quickly provide emergency financial assistance to individuals and businesses adversely impacted by Covid-19. *PSR* ¶ 7. As part of the implementation of the act, the Small Business Administration (SBA) adapted an existing Economic Injury and Disaster Loan (EIDL) program to quickly begin supplying loans to small business adversely impacted by Covid-19. *PSR* ¶ 8. To obtain an EIDL loan, an applicant had to meet SBA requirements that they had a qualifying small business. *Id.* Individuals could not obtain EIDL loan for themselves, and EIDL program loan funds could not be used for personal expenses. *PSR* ¶ 9.

On July 2, 2020, defendant Chung applied for a $40,000 EIDL program loan, falsely asserting that he was the owner of an event-planning business with 10 employees and $115,000 in annual revenue. *PSR* ¶ 10. In fact, Chung at the time was working for a traffic control business and was attempting to start a small tow truck business. *PSR* ¶ 77. Chung's fraudulent EIDL program loan application was quickly approved, and he received $37,400 in EIDL funds, which he spent primarily on personal items over the subsequent months.

On May 4, 2021, Chung and two co-defendants, Amara Merritt and Charles Hollins, were charged with one count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, and seven counts of Wire Fraud, in violation of 18 U.S.C. § 1343, for their participation in a scheme to fraudulently obtain EIDL program loans. *Dkt. 1*. At the time, Chung, Merritt, and Hollins were acquaintances, and each had applied for a similar EIDL program loan. *PSR* ¶ 1, *Dkt. 1* (Indictment).

On May 6, 2021, Chung was arrested at his home, and during a search of the residence, agents found two handguns, a Ruger-57 pistol (S/N: 642-03548), and a Springfield pistol (S/N: BY510370). Agents also found marijuana plants, marijuana on Chung's dresser, two boxes of ammunition, a handgun magazine, and a mounted wall shelf with a concealed gun cabinet.

UNITED STATES' SENTENCING MEMORANDUM   2
No. 21-CR-186 JST

On January 13, 2022, Chung was charged in a Superseding Information with one count of being a felon in possession in violation of 18 U.S.C. § 922(g), and one count of wire fraud in violation of 18 U.S.C. § 1343. *Dkt. 60.* Chung pled guilty to both counts on the same day. *Dkt. 63, 64.*

## II.   DISCUSSION

### A.   The Defendant's Sentencing Guidelines Calculation and Restitution

The government agrees with Probation's calculation of the Sentencing Guidelines. Specifically, the government and U.S. Probation agree that the Guidelines for defendant Chung are as follows:

Count 1: (Felon in Possession of a Firearm)

| | | |
|---|---|---:|
| a. | Base Offense Level, U.S.S.G. §2K2.1(a)(4)(A): | 20 |
| b. | Specific offense characteristics: | 0 |
| c. | Adjustment for Roles in the Offense: | 0 |
| d. | Adjusted Offense Level (Subtotal): | 20 |

Count 2: (Wire Fraud)

| | | |
|---|---|---:|
| a. | Base Offense Level, U.S.S.G. §2B1.1(a)(2): | 7 |
| b. | Specific offense characteristics under U.S.S.G. Ch. 2: | |
| | Loss between $15,000 and $40,000. U.S.S.G. §2B1.1(b)(1)(C): | +4 |
| c. | Adjusted Offense Level: | 11 |
| d. | Total Number of Units: | 1.0 |
| e. | Combined Adjusted Offense Level: | 20 |
| f. | Acceptance of Responsibility: | -3 |
| g. | Total Adjusted Offense Level: | 17 |

The government's understanding, based on the criminal history information in the Presentence Report, is that defendant Chung is a Criminal History Category II. *PSR ¶ 44.* As a result, his Sentencing Guidelines range is 27-33 months. The government calculates that the loss to the SBA from Chung's fraudulent EIDL loan was $37,400. Therefore, he is responsible for restitution in that amount. In his plea agreement, Chung agrees to pay restitution of not less than $37,400. *Dkt. 64.* Probation also recommends that the Court order restitution in the amount of $37,400. *PSR* (Sentencing Rec., pg. 6.).

## III. Sentencing Recommendation

### a. Legal Standard

The U.S. Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process, and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court is to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), to include:

(1) the nature and circumstances of the offense, and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### b. The Government's Recommended Sentence Vindicates the 18 U.S.C. §3553(a) Sentencing Factors

The government in this case is recommending that the Court sentence defendant Chung to 16 months imprisonment, followed by three years of supervised release, and to order restitution be made to the SBA in the amount of $37,400. This sentence reflects the seriousness of the firearms possession conviction, as well as the fraudulent abuse of the SBA's EIDL program.

Chung was arrested with two pistols in his house, along with ammunition. One of the firearms was registered to his wife, and the pistol that Chung admitted possessing was found under his bed. Chung possessed the firearm despite prior felony convictions in 2008 and 2012, including a 2012 felony conviction for Possession of a Firearm in Relation to a Drug Trafficking Crime. PSR ¶¶ 42, 43, 46.

When Chung was arrested after being charged with EIDL loan fraud, he was a convicted felon, and he knew that under no circumstances should he have been in possession of a firearm. Nonetheless Chung knowingly and willingly chose to keep firearms and ammunition in his home. This conduct

warrants a custodial sentence.

Chung's abuse of the EIDL loan program adds to the need for a custodial sentence in this case. While the amount of fraudulently-obtained funds is not relatively large, Chung's fraud took monies that were specifically earmarked for qualifying small business owners and employees economically hurt by the Covid-19 pandemic and instead put those funds in Chung's pockets. Chung obtained money for which he was not eligible, and he spent the funds on non-qualifying personal expenses.

The government's sentencing recommendation in this case is below the combined recommended Guidelines, but is nonetheless sufficient but not greater than necessary to meet the goals of the Guidelines and 18 U.S.C. § 3553.  This recommendation reflects the facts of the offense, including the amount of fraud loss, and the absence of violence.  It also reflects the fact that Chung, through counsel, within weeks of his arrest had promptly indicated a willingness to admit guilt and accept responsibility for the EIDL loan fraud.  Further, Chung also agreed to waive DNA testing and promptly admitted to possession of the firearm.  Finally, the government notes that Chung and his spouse are caring for four minor children and Chung's ailing and elderly mother.

## III.    CONCLUSION

For the foregoing reason, a 16 month-custodial sentence, three years of supervised release, restitution of $37,400, and forfeiture of the two firearms seized from Chung's residence is a sufficient but not greater than necessary sentence, to meet the goals outlined in 18 U.S.C. § 3553.

DATED:  June 17, 2022                                                   Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

 /s/ *David J. Ward*
DAVID J. WARD
Assistant United States Attorney